CAPITAL ONE NATIONAL                          CIVIL ACTION
ASSOCIATION

VERSUS                                        NO: 06-5452

JAMES WESLEY WHITE, SR. ET                    SECTION: J(2)
AL

## ORDER AND REASONS

Before the Court is Plaintiff Capital One National

Association's ("CONA") **Motion for Partial Summary Judgment (Rec.**

**Doc. 68)** seeking a judgment in its favor on the claims raised in

its amended complaint and recognizing its rights under two

promissory notes as well as its security rights in property owned

by defendants.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This suit arises out of Defendant James Wesley White, Sr.

and Evalena White's ("Defendants") 2005 Mortgage Note as well as

a 2003 promissory note executed by J.W. White Insurance Agency

(James White's insurance agency) and guaranteed by Defendants.

Both notes were secured by a mortgage on a home owned by

Defendants in favor of CONA.

On August 5, 2005, Defendants entered a mortgage loan

agreement in the principal amount of $580,000 ("Mortgage Note")

with Hibernia National Bank ("Hibernia") in the process of

refinancing their existing mortgage with Hibernia.  Less than a

month after the refinancing, Hurricane Katrina struck New Orleans
and damaged Defendants' mortgaged home, which was insured by a
policy of flood and homeowners' insurance with Allstate.

On February 24, 2003, Defendants had also entered into a
Promissory Note with Hibernia in the principal amount of
$97,284.47 and an annual interest rate of 7.25%.  This note was
executed by J.W. White Insurance Agency, guaranteed by
Defendants, and payable in monthly installments until its
maturity on February 24, 2008.  As security on their guarantee of
the promissory note, Defendants mortgaged the same home that was
subject to the August 5, 2005 mortgage.

CONA, which acquired Hibernia shortly after Hurricane
Katrina, filed this suit on August 29, 2006, against Defendants
and Allstate alleging that Defendants and Allstate were liable to
CONA for the $296,093 in insurance payments that Allstate had
paid to Defendants to the exclusion of CONA.  Specifically, CONA
alleged that Allstate, after issuing proceeds checks jointly
payable to Defendants and Hibernia, improperly cancelled those
checks and redrafted them as payable jointly to Defendants only,
one of whom was Allstate's own agent.  Thus, CONA asserted that
Allstate had wrongfully removed CONA as a loss payee on the
insurance checks, in violation of Louisiana law requiring
insurers to name mortgage holders as alternate payees on the
insured mortgagor's policies.  In addition, CONA alleged that

Defendants themselves were liable for the $296,093 of insurance proceeds for failing to hand them over to CONA as required by both the Mortgage Note and Promissory Note.

CONA noted in its complaint that it had filed a parallel suit in state court based on the same allegations because "it [was] unclear whether federal jurisdiction exclusively governs all claims raised by this petition." Original Complaint at ¶2 (Rec. Doc. 1). Nonetheless, CONA's original complaint alleged that jurisdiction was proper in federal court based on the fact that some of its claims against Allstate "relate[d] to flood insurance and [were] governed by regulations issued by FEMA, the National Flood Insurance Act of 1968,42 U.S.C. 4001 et seq. and federal common law." Original Complaint at ¶1. The Louisiana state court suit was removed to Section A of this Court by Allstate on September 15, 2006, and subsequently transferred to this Section and consolidated with CONA's federal suit (Rec. Docs. 4 & 5).

CONA later filed its First Amended Complaint on May 25, 2007, alleging that Defendants had not made any payments on the Mortgage Note since the note had been executed, and that they had not made any payments on the Promissory Noted since May 24, 2006. Thus, CONA's amended complaint against Defendants sought the full amount of the current outstanding balance of the Mortgage Note as of July 2008: $580,000 in principal, $97,566.33 accrued interest

through July 10, 2008, late fees and costs of $5,832.70, escrow advance for property taxes, homeowners' and flood insurance of $21,479.21, plus interest after July 1, 2008 at an annual rate of 5.875%. Additionally, CONA's amended complaint sought the full amount of the current outstanding balance of the Promissory Note: $85,706.14, accrued interest through July 10, 2008 of $15,454.38, late fees and costs of $2,882.52, plus future interest at a rate of 7.25% annually after July 10, 2008.

Allstate was dismissed from this matter with prejudice by a stipulation of dismissal on July 25, 2008 (Rec. Doc. 67). On the same day, CONA filed the instant motion for summary judgment, which was originally set for hearing on September 3, 2008 (Rec. Doc. 68). However, Defendants filed a notice of bankruptcy filing on August 29, 2008 (Rec. Doc. 76), and this case was stayed and administratively closed pending the Defendants' bankruptcy proceedings (Rec. Doc. 78). The case was reopened on CONA's motion on January 5, 2009, after dismissal of Defendants' bankruptcy petition, and the Motion for Summary Judgment was set for hearing on January 21, 2009 (Rec. Doc. 80).

## **THE PARTIES ARGUMENTS**

CONA argues that Defendants have failed to make payments under both the Mortgage Note and the Promissory Note, and thus CONA is entitled to summary judgment on their claims seeking the entirety of the amounts due under both notes, as well as

4

recognition of CONA's security rights in the mortgaged home. CONA contends that Defendants have received at least $720,000[1] since the storm damaged the mortgaged property, yet they have failed to pay on either note.[2] Instead, Defendants requested in spring of 2006 that CONA accept a short sale of the mortgaged home for $520,000 as full compensation for the loan balance. CONA, however, refused this offer, noting that the balance of the Mortgage Note was $606,838.04, that Defendants had received insurance proceeds on the home, and that the balance of the Promissory Note also remained outstanding.

CONA asserts that the summary judgment record is clear with respect to its claims. First, Defendants admit that they entered into the loan agreements at issue in this case. Second, although they claim that there was uncertainty after Katrina regarding which entity held their mortgage, it is clear that Defendants knew that CONA was their mortgage holder as of the short sale offer in the spring of 2006. Finally, CONA contends that

---

[1] Specifically, CONA points to the following insurance payments made to Defendants free and clear of CONA's interest in those payments as mortgagee: 1) $250,000 in structure payments under the flood insurance policy; 2) $34,000 in structure payments under their homeowners' insurance; 3) $13,000 in contents payments under their homeowners' insurance; 4) $2,500 for loss of use payments under the homeowners' policy; 5) $300,000 received by Mr. White from the sale of his business, J.W. White Insurance Agency, in the first year after Katrina.

[2] CONA does note that a payment was attempted on June 26, 2006, but the check was returned NSF.

Defendants have admitted that they have not made any payments on either the Mortgage Note or the Promissory Note since August of 2005.  As such, and since Louisiana law applies to the mortgages and notes at issue in this case, CONA argues that summary judgment recognizing the validity, perfection, and enforceability of  its mortgages is appropriate.  See <u>Pioneer Valley Hosp. v. Elmwood Partners</u>, 800 So. 2d 932, 935 (La. App. 5 Cir. 2001). CONA also notes the Fifth Circuit's holding that "because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment."  <u>Creek, Ltd. v. Resolution Trust Corp.</u>  941 F.2d 1323, 1325 (5th Cir. 1991).

In opposition, Defendants claim that they were confused about their repayment obligations under the new loan represented by the Mortgage Note due to errors in the processing of their refinancing in the wake of Katrina.  Specifically, Defendants argue that Hibernia's mortgage processing agent Dovenmuhle Mortgage sent notice to Allstate indicating that the original mortgage loan had been paid off, but not indicating that any new mortgage loan existed.  Further, Defendants claim that they were told at the closing on the new loan that they would not be responsible for payments until they were contacted by the new lien holder, which might take up to thirty days.  In addition, Defendants were told that the loan would most likely be sold,

which would render the note holder's identity unclear.

After Katrina, Defendants submitted claims under their Allstate flood policy and were issued a check made payable to themselves and Hibernia. However, when they attempted to have a Hibernia representative endorse the check so that they could begin repairs, they were told that there was no record of their new loan. Defendants claim they attempted to learn the identity of the holder of their new loan, but to no avail. Then, on November 14, 2005, Defendants received a letter from Hibernia stating that their previous mortgage loan had been satisfied, without any mention of the new loan. After this letter, Allstate reissued the insurance check directly to Defendants on November 28, 2005 so that they could begin repairs on their property. Defendants contend that the record does not show whether Allstate was ever notified that a new loan existed after the refinancing.

In the context of these events, Defendants allege that they have "continuously attempted to engage CANO in discussions to resolve the dispute concerning their use of flood policy proceeds." Defs. Memo Opp. Summ. J., 2. Defendants point to the offer of short sale, which they claim Hibernia initially extended, but which CANO refused. Further, Defendants claim that they attempted to contact CANO representatives during March and April of 2006 in order to discuss repayment options on the Mortgage Note, but could not reach any agreement with CANO.

As such, Defendants claim that there are material issues of
fact that preclude summary judgment in this case, namely (1)
whether Hibernia informed Allstate of the new Mortgage Note loan
and (2) whether Defendants knew the identity of the new loan
holder.  Defendants admit the underlying obligation on the
Mortgage Note, but dispute the amount and manner for reinstating
the obligations under the Mortgage Note.  Essentially, Defendants
argue that they have used all insurance payments to make repairs
to the damaged property, despite their uncertainty regarding the
identity of the mortgage holder.  Additionally, Defendants argue
that CONA's failure to allow them to reinstate their loan
obligations caused the delinquency for which CONA has sued.
Finally, Defendants claim that they tendered a $50,000 check made
payable to CONA on March 11, 2008, which refutes CONA's assertion
that they have not attempted any payments since Katrina.

CONA responds, first and foremost, that Defendants'
Opposition does not even address CONA's claims under the
Promissory Note, and thus CONA is entitled to summary judgment on
those claims since their motion is unopposed.  In addition, CONA
argues that Defendants' recitation of the circumstances of the
case do not at all address the fundamental basis of CONA's
claims: (1) CONA is the holder of a mortgage on the Defendants'
property that secures both the Mortgage Note and Promissory Note;
and (2) Defendants' have not met their obligations under those

8

notes. In fact, CONA notes that Defendants have admitted the underlying loan obligation, and are now merely attempting to dispute how the loan should be reinstated after their failure to meet their obligations. CONA contends that Defendants' dissatisfaction with the terms of their obligations is irrelevant to the issues in this case. Finally, CONA notes that Defendants' alleged $50,000 payment was nothing more than a check for insurance proceeds, which were intended to allow for repairs to the mortgaged property and were not payments towards either of the loan obligations.

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

### B.    Louisiana Mortgage Law and Summary Judgment

Under Louisiana law, "[w]hen signatures [on a promissory note] are admitted or established, production of the instrument

entitles a holder to recover on it unless the defendant establishes a defense." Bankers Trust Co. of Cal., NA v. Boydell, 46 Fed. Appx. 731, *3 (5th Cir. 2002) (citing Am. Bank v. Saxena, 553 So. 2d 836, 842 (La.1989)). "In light of this clear-cut and simple legal scheme, [the Fifth Circuit] has recognized that '[s]uits to enforce promissory notes are especially appropriate for disposition by summary judgment.'" Id. (citing Resolution Trust Corp. v. Marshall, 939 F.2d 274, 276 (5th Cir.1991)). Further, "Louisiana law provides that "'[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." Id. (citing La. Rev. Stat. Ann. § 10:3-308(a)). Finally, under Louisiana law "[a]n authentic act [of mortgage] constitutes full proof of the agreement it contains, as against the parties, heirs, and successors by universal or particular title." La. Civ. Code. art. 1835.

In this case, Defendants have admitted the validity and existence of their obligations under the Mortgage Note. See Defs. Memo Opp. Summ. J., at 5 ("The underlying loan obligation owed to [CONA] **is not being disputed** [by Defendants]."). In addition, CONA has submitted unchallenged signed copies of the Mortgage Note as summary judgment evidence. See Pl. Memo Supp. Summ. J., Ex. A. Further, and as to the Promissory Note, CONA

10

has submitted signed copies of the Promissory Note and Defendant's guaranty agreements on that note, which are also unchallenged. See Pl. Memo Supp. Summ. J., Ex. F. Also, Defendants have not even addressed CONA's claims under the Promissory Note in their Opposition to the present motion for summary judgment. Finally, CONA has produced unchallenged affidavits attesting that Defendants have defaulted on their obligations under both notes.[3] Further, Defendants do not contest that the notes are in default, but merely argue that CONA has not extended new terms for the repayment of the notes. Thus, under Louisiana law and Fifth Circuit precedent, CONA has established its right as holder to recover under both the Mortgage Note and the Promissory Note.

Furthermore, Defendants have not raised any issue of material fact regarding their failure to pay under these obligations. Defendants assert as material issues of fact precluding summary judgment that they were unsure of who the mortgage holder was in the wake of Katrina, and that this

---

[3] While Defendants argue that their tender of a $50,000 check in March of 2008 constitutes payment under their Mortgage Note obligation, this argument is unavailing for two reasons. First, a payment in March of 2008, almost three years after the execution of the Mortgage Note and without any prior payments, would not constitute an adequate payment under that note. Secondly, and as noted by CONA, the $50,000 tender was not intended as payment on the Mortgage Note obligation, but rather as insurance proceeds, which were required under the mortgage to be applied to property repairs and not as payment on the underlying obligation.

uncertainty precluded their payment of the notes. Defendants also assert that they have used all their insurance payments to repair the mortgaged property. In addition, Defendants claim that Hibernia never informed Allstate as to the identity of the new mortgage holder. Finally, Defendants claim that CONA's allegation that they have not attempted to make any payments is disingenuous because they have made attempts to pay, but were met by unreasonable reinstatement offers and onerous requirements of third-party guarantees.

All of these assertions are irrelevant to the summary judgment issues. First, even if Defendants were confused regarding the holder of their mortgage note in the wake of Katrina, *they knew that some entity was in fact holding the mortgage*. Further, Defendants admit that they proposed a short sale of the mortgaged property as full compensation of the loan balance in *spring of 2006*. So even if the Defendants were truly confused about the identity of their mortgage holder, any confusion was dispelled by at least the time of the short sale offer to CANO, which occurred several months before this suit was filed. Finally, Defendants do not present any evidence supporting their claim that they did not pay on the notes because they were uncertain as to the holder's identity, other than their conclusory assertion to that effect. As for Defendants' contentions regarding their use of the insurance proceeds, and

Hibernia's failure to inform Allstate of the refinancing, these insurance-related issues are completely irrelevant to Defendants' basic failure to pay under the notes. Additionally, Defendants' assertions regarding CONA's allegedly unreasonable reinstatement options are also irrelevant, given that no payments had been made on either note for more than a year at the time suit was filed.

In effect, Defendants have either frankly admitted or failed to contest their obligations to CONA under the Mortgage Note and Promissory Note, as well as the existence and validity of the mortgage on their home in favor of CONA. Despite their arguments regarding circumstances and issues extraneous to their obligation or the validity of the mortgage, Defendants have not shown any material issue of fact, and CONA is entitled to partial summary judgment. Accordingly,

**IT IS ORDERED** that CONA's **Motion for Partial Summary Judgment (Rec. Doc. 68)** is **GRANTED**. CONA is therefore entitled to the full amount of payments due under the Mortgage Note and the Promissory Note**,** and is also entitled to pursue any security rights to which it is entitled as to those debts.

New Orleans, Louisiana, this 9th day of February, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE